574 F.2d 194
 Mary OLSEN, Plaintiff-Appellant Cross Appellee,
v.
SHELL OIL COMPANY et al., Defendants-Appellees Cross Appellants,
v.
ARGONAUT INSURANCE COMPANY, Intervenor-Appellant.
Christine W. CARVIN, Plaintiff-Appellant Cross Appellee,
v.
SHELL OIL COMPANY et al., Defendants-Third-Party Plaintiffs
Appellees-Cross Appellants,
v.
TELEDYNE MOVIBLE OFFSHORE, INC., et al., Third-Party
Defendants-Appellees Cross Appellants,
Argonaut Insurance Company, Intervenor-Appellant.
Frank Winston BOOKER et al., Plaintiffs-Appellees,
v.
SHELL OIL COMPANY et al., Defendants-Appellants.
Gordon Davis WALLACE, Plaintiff-Appellant Cross Appellee,
v.
SHELL OIL COMPANY et al., Defendants-Appellees Cross Appellants,
v.
ARGONAUT INSURANCE COMPANY, Intervenor-Appellant.
ARGONAUT INSURANCE COMPANY, Plaintiff-Appellant Cross Appellee,
v.
SHELL OIL COMPANY et al., Defendants-Appellees Cross Appellants.
 No. 75-4019.
 United States Court of Appeals,
Fifth Circuit.
 May 12, 1978.
Rehearing Denied June 14, 1978.
 
 Wm. P. Rutledge, Lafayette, La., for Olsen, et al.
 Joel L. Borrello, New Orleans, La., for Argonaut Ins. Co.
 Donald A. Hoffman, New Orleans, La., for Pacific Employers Insurance Co.
 John O. Charrier, Jr., New Orleans, La., for Shell Oil Co.
 W. K. Christovich, Charles W. Schmidt, III, New Orleans, La., for Teledyne Movible.
 Francis G. Weller, New Orleans, La., for Wiegand Co. & Thermo-Disc, Inc.
 Patrick T. Caffery, W. Eugene Davis, New Iberia, La., for Texsteam Corp.
 Consolidated Appeals from the United States District Court for the Eastern District of Louisiana.
 Before GOLDBERG and FAY, Circuit Judges, and DUMBAULD, District Judge.*
 FAY, Circuit Judge:
 
 
 1
 We have concluded that this appeal presents important issues of Louisiana law which we believe are appropriate for resolution by the Supreme Court of Louisiana. Our final decision in this matter will therefore be deferred pending certification of the issues to the Supreme Court of Louisiana.
 
 
 2
 We have requested that the parties submit a proposed agreed statement of facts and certificate of issues for decision pursuant to our general practice. See West v. Caterpillar Tractor Co., Inc., 504 F.2d 967 (5th Cir. 1974).
 
 
 3
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA PURSUANT TO LA.REV.STAT.ANN. § 13:72.1 AND RULE 12 OF THE RULES OF THE LOUISIANA SUPREME COURT.
 
 
 4
 It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this court involves questions or propositions of the law of the State of Louisiana which are determinative of this cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of the State of Louisiana. This Court certifies the following questions of law to the Supreme Court of Louisiana for instructions concerning said questions of law, such case being on appeal from the United States District Court for the Eastern District of Louisiana.
 
 I. STYLE OF THE CASE
 
 5
 The style of the case in which this certification is made is Mary Olsen, et al., Plaintiffs-Appellants, versus Shell Oil Company, et al., Defendants-Appellees; Christine W. Carvin, et al., Plaintiffs-Appellants, versus Shell Oil Company, et al., Defendants-Appellees; Gordon Davis Wallace, Plaintiff-Appellee, versus Shell Oil Company, et al., Defendants-Appellees; and Argonaut Insurance Company, Plaintiff-Appellant, versus Shell Oil Company, et al., Defendants-Appellees, Case No. 75-4019, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana.
 
 II. STATEMENT OF THE FACTS
 
 6
 A complete statement of the facts of this case, showing the nature of the case and the circumstances out of which the questions or propositions of law arise, can be found at 561 F.2d 1178, 1180, and will not be set forth in full in this certification.
 
 
 7
 III. QUESTIONS FOR THE SUPREME COURT OF LOUISIANA
 
 
 8
 The parties have been unable to agree on the precise questions for certification. We have concluded that the following questions delineate the issues and accordingly certify them to the Supreme Court of the State of Louisiana.
 
 
 9
 (1) Whether the owner of an offshore drilling platform can be held strictly liable pursuant to Article 2322 of the Louisiana Civil Code absent the existence of intrinsically dangerous work and absent the exercise of control of the premises when employees of an independent contractor hired by the owner are injured while on the platform by the explosion of a hot water heater located in the living module which caused part of the platform to fall or collapse, and when the employees are on the platform for the purpose of conducting drilling operations and not for the purpose of repairing or constructing the platform or any appurtenances or attachments thereto.
 
 
 10
 2. Assuming that an owner cannot be held strictly liable to employees of an independent contractor without the existence of an intrinsically dangerous activity, whether drilling for oil on an offshore drilling platform constitutes "intrinsically dangerous work" within the meaning of Vinton Petroleum Co. v. L Seiss Oil Syndicate, Inc., 19 La.App. 179, 139 So. 543 (1st Cir. 1932), and as applied to Article 2322 of the Louisiana Civil Code.
 
 
 11
 (3) Whether injuries sustained by an employee of an independent contractor are the result of "ruin" of the building within the meaning of Article 2322 of the Louisiana Civil Code, when the fall or collapse of the building is caused by the explosion of a hot water heater attached to the living module of the platform.
 
 
 12
 (4) Whether a modular and movable drilling rig which is attached to an offshore drilling platform in such a manner that cutting and burning would be required to remove it, and which is not owned by the owner of the platform to which it is attached, constitutes an "immovable by attachment" within the meaning of Cothern v. La Rocca, 255 La. 673, 232 So.2d 473, 477 (1970), and as applied to Article 2322 of the Louisiana Civil Code.
 
 
 13
 (5) Whether an owner of an offshore drilling platform can be held strictly liable pursuant to Article 2322 of the Louisiana Civil Code for injury sustained upon the platform, even though ownership of the underlying soil is not vested in the owner of the platform.
 
 
 
 *
 District Judge for the Western District of Pennsylvania, sitting by designation