**ALLSTATE INSURANCE COMPANY,**
**Plaintiff-Appellee,**

**v.**

**Shelly YOUNG, Administrator of the**
**Estate of Hershel Young,**
**Defendant-Appellant.**

**No. 80–7829**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 23, 1981.

L. H. Hilton, Sylvania, Ga., for defendant-appellant.

Allgood & Childs, Richard R. Mehrhof, Jr., Augusta, Ga., for plaintiff-appellee.

Before RONEY, FRANK M. JOHNSON, Jr., and HENDERSON, Circuit Judges.

PER CURIAM:

This diversity appeal presents an important issue of Georgia law which this Court has determined the Supreme Court of Georgia should appropriately decide. *See Wansor v. George Hantscho Co.*, 570 F.2d 1202 (5th Cir. 1978). This issue, as presented below, is therefore certified to the Supreme Court of Georgia pursuant to Ga. Code Ann. § 24–3902 (1977), and Rule 36 of the Rules of the Supreme Court, Ga. Code Ann. § 24–4536 (1980). Our disposition of the appeal will be stayed pending the Supreme Court's response.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO GEORGIA CODE ANNOTATED § 24–3902 AND § 24–4536

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves a question of the law of the State of Georgia that is determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of Georgia. This Court, therefore, certifies the following question of law to the Supreme Court of Georgia for instructions on its disposition. The question is submitted together with the record and the briefs made available by the parties to this Court.

STATEMENT OF FACTS

The facts as set forth briefly by the district court are as follows:

In July 1977, defendant Robert Jones applied to State Farm Insurance Company for automobile coverage. The application was forwarded to State Farm by its authorized agent Marion Anderson. State Farm Insurance rejected Jones' application. Anderson then submitted an application on Jones' behalf to the Georgia Assigned Risk Plan (Ga. Code Ann. § 68C–601). Allstate Insurance Company, pursuant to the Assigned Risk Plan, issued an automobile public liability and property damage insurance policy to Jones for a period beginning July 26, 1977 and ending July 26, 1978.

In April 1978, defendant Hershel Young filed suit in the Superior Court of Screven County, Georgia, against defendant Robert Jones seeking to recover $16,987.20 for personal injuries and property damage. Defendant Jones was served with this summons and complaint on April 19, 1978. On or about April 21, 1978, defendant Dorothy Jones, wife of Robert Jones, delivered a copy of the summons and complaint to Agent Anderson. Anderson returned the summons and complaint to Mrs. Jones. Anderson gave Mrs. Jones an envelope addressed to Allstate Insurance Company and told her to notify Allstate of the lawsuit. Allstate did not receive notice of the Screven County action. Defendant Jones never filed an answer in Screven County and on June 3, 1978 a final default judgment was entered against him. Plaintiff Allstate Insurance Company filed this declaratory judgment action on August 29, 1978 seeking a declaration of its liabilities under the policy issued to Robert Jones.

The following statements of law or fact appear to be established:

(1) Marion Anderson was not an agent of the insurer, Allstate Insurance Company.

(2) The insured did not comply with the notification provisions of the insurance policy issued to him, and the insurer did not otherwise have actual notice of the lawsuit pending against the insured prior to the default.

## QUESTION TO BE CERTIFIED

Where a policy is issued under Georgia's compulsory automobile liability insurance plan (Ga. Code Ann. § 68C–601), does the insured's failure to notify the insurer of a lawsuit against him, as required by the policy, constitute a defense to the insurer's liability to the injured third party who initiated the lawsuit?

The particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problem involved. *See Martinez v. Rodriquez*, 394 F.2d 156, 159 n.6 (5th Cir. 1968).