In the Matter of John L. COOKE, individually and d/b/a J. L. Cooke Realty and Maureen E. Cooke, Bankrupt.

John L. COOKE, Plaintiff-Appellant,

v.

Sonia URANSKY, Trustee, Defendant-Appellee.

No. 80–5426.

United States Court of Appeals, Fifth Circuit. Unit B

April 20, 1981.

Rehearing Denied May 21, 1981.

Philip L. Burnett, Fort Myers, Fla., for plaintiff-appellant.

Pavese, Shields, Garner, Haverfield, Kluttz & Cottrell, Robert L. Donald, Cape Coral, Fla., for defendant-appellee.

Before TJOFLAT, HATCHETT and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO FLORIDA CONSTITUTION, ARTICLE V, SECTION 3(b)(6), FLORIDA STATUTES ANNOTATED § 25.031 AND FLORIDA RULES OF APPELLATE PROCEDURE 9.030(a)(2)(C) AND 9.150.

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Fifth Circuit that this case involves a question of Florida law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Florida or any other Florida appellate court. We therefore certify the question for resolution by the highest court of Florida.

It comes to the United States Court of Appeals for the Fifth Circuit on appeal from the United States District Court for the Middle District of Florida.

*Facts*

Appellant Cooke filed a voluntary petition in bankruptcy in the United States District Court for the Middle District of Florida. His petition claimed a residence in Fort Myers Beach, Florida, as homestead property exempted from the claims of creditors by Article X, Section 4 of the Florida Constitution. At this time, Cooke was a foreign citizen lawfully in the United States as a tourist.

Appellee Uransky, as trustee in bankruptcy, disallowed the exemption claimed by Cooke. The district court upheld this disallowance on the ground that Florida law

precluded Cooke from invoking the homestead exemption. The court ruled that the Florida Constitution requires a claimant to possess the intention of residing permanently in a Florida residence in order for this property to fall within the homestead exemption provisions. The court concluded that a claimant's status as a mere tourist in this country denies him the legal ability under Florida law to form the requisite intent to reside permanently in a Florida residence.

Cooke challenges this interpretation of Florida law on two grounds. First, he argues that the court erred in relying upon Florida case law developed under the 1885 Florida Constitution. He points out that constitutional amendments adopted in 1968 deleted the prior residency requirement for homestead exemption. *Compare* Fla.Const. art. X, § 4 (1968) *with* Fla.Const. art. X, § 1 (1885). He contends that this deletion of the requirement of residency indicates deletion of any requirement of intent to remain permanently.

Second, Cooke argues that the district court's interpretation of Florida law as precluding foreign tourists from invoking the homestead exemption contravenes the equal protection provisions of the Florida Constitution. Fla.Const. art. I, § 2. He contends that such blanket exclusion of foreigners constitutes unconstitutional discrimination on the basis of alienage.

We believe that the issue of Florida law raised by Cooke in this appeal is appropriate for resolution by the highest court of Florida. We therefore certify the following question:

### Question Certified

Does Florida allow foreigners visiting the United States as tourists to place a residence owned in the state beyond the reach of creditors under the Florida homestead exemption?

We do not intend the particular phrasing of this question to limit the Supreme Court of Florida in its consideration of the problems posed by the entire case. In order to assist consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Florida.