**Nevel A. WALTERS and Mrs. Delphia Walters, Plaintiffs-Appellants,**

v.

**INEXCO OIL COMPANY, a Delaware Corporation, Defendant-Appellee.**

**No. 81–4311**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1982.

Leonard B. Melvin, Jr., Laurel, Miss., for plaintiffs-appellants.

M. M. Roberts, Hattiesburg, Miss., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

---

JOHN R. BROWN, Circuit Judge:

This diversity case presents for our decision a narrow question of Mississippi law, a question on which Mississippi should have the final answer and for which Mississippi affords the means for a ready answer. Guided by principles of Our Federalism, we defer decision in the cause and certify one question to the Supreme Court of Mississippi,[1] pursuant to its Rule 46,[2] adopted August 1, 1980.

To establish the context surrounding our question to the Supreme Court, we summarize the relevant facts. Mr. Walters sustained injuries in an accident on the premises of Inexco Oil Company. He and his wife brought suit against Inexco, a foreign corporation, to recover damages for his personal injuries and her loss of consortium. The District Court, *Walters v. Inexco*, 511 F.Supp. 21 (S.D.Miss.1979), returned a judgment for $584,116.54 plus interest in their favor. This Court affirmed that judgment, 632 F.2d 891 (5th Cir. 1980), and denied rehearing en banc, 642 F.2d 1210 (5th Cir. 1981). *Inexco* filed a petition for a writ of certiorari to the United States Supreme Court, which it denied on March 23, 1981. 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981). *Inexco* ultimately paid $674,504.09 in damages and interest.

Back in the Court of Appeals, the Walters filed a motion to assess statutory damages pursuant to § 11–3–23, Mississippi Code Annotated.[3] On March 19, 1981, this Court referred that motion to the District Court for disposition.

The District Court, on remand, *citing Perkins v. Morgan*, 210 Miss. 297, 49 So.2d 383 (1950); *Covington County v. Mississippi Road Supply Co.*, Miss., 59 So.2d 325 (1952); and *Burgson & Co. v. Williams, Smithwich & Co.*, 155 Miss. 351, 121 So. 817 (1929), concluded that § 11–3–23 applies only to appeals to the state supreme court and "cannot be construed to be general in nature". The Judge distinguished a similar Alabama damages statute that refers generally to the "appellate court" rather than the supreme court. This Court has held that the Alabama statute constitutes a substantive rule that governs in diversity. *Proctor v. Gissendaner*, 587 F.2d 182 (5th Cir. 1979).

We discern no clear path from the cases that the District Court cited. *Perkins* apparently was cited in error; it involves the validity of a mineral lease, not statutory damages. In *Covington County*, the Court declined to impose statutory damages upon a county. And in *Burgson*, the Court refused because, in 1929, no statute authorized such damages. These cases, obviously, cannot provide the guidance that this Court, sitting in diversity, requires. Whether the statute should apply in the present action, we simply cannot tell. Concerned not to

1. *See generally In Re McClintock*, 558 F.2d 732, n.2, 3, 4, and 5 (5th Cir. 1977) and cases cited; J. Brown, *Certification—Federalism in Action*, 7 Cumberland L.Rev. 455 (1977) (tracing the development of certification doctrine and the Court's care to avoid "wearing out its welcome" for an apparent practice of ducking troublesome state law questions). Of the certification procedure, Chief Judge Godbold has written; "[B]oth federal and state judicial systems are the beneficiaries of a procedure rooted in cooperative federalism." *American Eastern Development Corp. v. Everglades Marina*, 608 F.2d 123, 125 (5th Cir. 1979).

2. When it appears to the Supreme Court of the United States, or to any circuit court of appeal of the United States, that there are involved in any proceedings before it questions or propositions of law of this state which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the Supreme Court of this state, such federal court before rendering a decision may certify such questions or propositions of law of this state to the Supreme Court of Mississippi for rendition of a judgment or opinion concerning such questions or propositions of Mississippi law. This court may in its discretion, decline to answer the questions certified to it.

3. "In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of five per centum...." This section was amended effective July 1, 1980, substituting for the five per cent figure fifteen per cent.

violate our *Erie*[4] duty of applying the substantive law of the forum state in a diversity case, we seek a definitive answer to this question from the one court both intellectually capable *and* constitutionally entitled to supply one. Indeed, as the case involves questions of local Mississippi policy, this course accords with our carefully wrought system of federalism. We should hesitate to "trade [our] judicial robes for the garb of prophet", J. Brown, *Certification—Federalism in Action*, 7 Cumberland L.Rev. 455 (1977), when the procedure of certification to the Supreme Court of Mississippi[5] renders the crystal ball unnecessary. In following that course, we once again seize the opportunity to praise, extol, laud, and proclaim the virtues of this wonderful device that "without abdicating one Article III function", *Strange v. Krebs*, 658 F.2d 268, 269 (5th Cir. 1981), enables us to obtain a definitive answer when *Erie* charts a perilous course through uncharted waters. The Court only expresses again its regret that the largest state in both the former Fifth and present Circuit cannot constitutionally open its eyes and mind to this procedural wonder, as have its sister states of Florida, Georgia, Alabama, Mississippi, and Louisiana.[6]

---

**4.** *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), perhaps the one cite that all federal court practitioners— judges and attorneys alike—should commit to memory.

**5.** We previously have exercised the certification rite to the Mississippi Supreme Court: *Anderson v. Jackson Municipal Airport Authority*, 645 F.2d 401 (5th Cir. 1981); *First National Bank of Columbus v. Drummond*, 642 F.2d 181 (5th Cir. 1981). The United States Supreme Court expressly sanctioned and applied this procedure in *Lehman Brothers v. Schein*, 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974).

**6.** *Compare Matter of Cooke*, 643 F.2d 277 (5th Cir. 1981) (Florida); *Olsen v. Shell Oil Co.*, 574 F.2d 194 (5th Cir. 1978) (Louisiana); *Allstate Insurance Co. v. Young*, 638 F.2d 31 (5th Cir. 1981) (Georgia); *Hale v. Ford Motor Credit Co.*, 581 F.2d 111 (5th Cir. 1978) (Alabama) *with Phillips v. Goodyear Tire and Rubber Co.*, 651 F.2d 1051 (5th Cir. 1981) (Brown, J., dissenting as to Georgia certification and concurring as to Texas certification); *Duke v. University of Texas at El Paso*, 663 F.2d 522 (5th Cir. 1981)

Following our customary practice we request counsel to submit a joint statement of facts and proposed agreed certificate of the questions, *see West v. Caterpillar Tractor Co.*, 504 F.2d 967 (5th Cir. 1974).[7]

CERTIFIED.

---

(Texas courts have no authority to hear certified questions from federal courts), relying upon *United States Life Insurance Co. v. Delaney*, 396 S.W.2d 855 (Tex.1965) (holding Supreme Court has no power under Texas constitution).

**7.** We remind the Supreme Court of Mississippi, no doubt unnecessarily, that they of course need not feel bound in any fashion by the perimeters of the question certified. We reiterate what we have often previously stated, that

> [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the matter in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

*Martinez v. Rodriguez*, 394 F.2d 156, 159 n.6 (5th Cir. 1968).