PER CURIAM:
 

 The issue presented in this appeal is whether in a voluntary bankruptcy proceeding, a foreigner visiting the United States as a tourist may place a residence owned in Florida beyond the reach of creditors under the homestead exemption provisions of the Florida Constitution. We affirm the district court by answering that question in the negative.
 

 Appellant, Cooke, filed a voluntary petition in bankruptcy in the United States District Court for the Middle District of Florida. In his petition, he claimed a residence he owned in Fort Myers Beach, Florida, as homestead property exempted from the claims of creditors by article X, section 4 of the Florida Constitution. When Cooke filed the petition he was a foreign citizen lawfully in the United States as a tourist.
 

 Appellee, Uransky, as trustee in bankruptcy, disallowed the exemption claimed by Cooke. The district court upheld this disallowance on the ground that Florida law precluded Cooke from invoking the homestead exemption. The court ruled that the Florida Constitution requires that a claimant possess the intention of residing in a Florida residence in order for the residence to fall within the homestead exemption provisions. The court concluded that a claimant’s status as a tourist in this country precludes the legal ability under Florida law to form the requisite intent to reside permanently in a Florida residence.
 

 Cooke challenges this interpretation of Florida law on two grounds. First, he argues that the court erred in relying on Florida case law developed under the 1885 Florida Constitution. He asserts that constitutional amendments adopted in 1968 deleted the residency requirement for homestead exemption.
 
 Compare
 
 Fla.Const. art. X, § 4 (1968)
 
 with
 
 Fla.Const. art. X, § 1
 
 *131
 
 (1885). He contends that this deletion of the residency requirement indicates elimination of the responsibility to show an intent to remain permanently.
 

 Second, Cooke argues that the district court’s interpretation of Florida law as precluding foreign tourists from invoking the homestead exemption provisions contravenes the equal protection provisions of the Florida Constitution. Fla.Const. art. I, § 2. He contends that such blanket exclusion of foreigners constitutes unconstitutional discrimination on the basis of alienage.
 

 After hearing argument, we determined that the issue of Florida law raised by Cooke was appropriate for certification to the highest court of Florida. We therefore certified the following question: Does Florida allow foreigners visiting the United States as tourists to place a residence owned in the state beyond the reach of creditors under the Florida homestead exemption? 643 F.2d 277, 278.
 

 The Supreme Court of Florida has now answered that question in the negative.
 
 *
 

 Cooke v. Uransky,
 
 412 So.2d 340 (Fla.1982). In answering the question that court stated:
 

 Cooke argues that this constitutional provision relating to homestead exemption contains no prerequisite that there be an intent to make the property in question his or his family’s place of residence. He maintains that the 1968 amendment to the homestead provision, eliminating the requirement that the head of the family reside in this state, also abrogated any requisite that there be an intention to make the property his or his family’s permanent residence.
 

 We reject this contention, and we hold that although it is not necessary that the head of the family reside in the state or intend to make the property in question his permanent residence, he must establish that he intended to make this property his family’s permanent residence. [412 So.2d at 340.]
 

 * * * aje * *
 

 Based upon the facts of this case, in response to the certified question, we state that Cooke may not place the residence owned by him in this state beyond the reach of creditors under the Florida homestead exemption because, at the time he petitioned for bankruptcy, he could not legally formulate the requisite intent to make that residence his family’s permanent place of residence. [412 So.2d at 343.]
 

 Since we agree with the Supreme Court of Florida that the appellant, a tourist, cannot legally formulate the intent to make his residence his family’s permanent place of residence, we need not decide whether Florida may constitutionally exclude all foreigners from the benefits of its homestead laws.
 

 Accordingly, we affirm.
 

 AFFIRMED.
 

 *
 

 We are grateful for the aid of the Supreme Court of Florida. Use of Rule 9.150, Florida Rules of Appellate Procedure contributes to the ability of federal courts to properly determine issues that are primarily state concerns.