**In re Oscar GILMAN, Debtor.**

**Bankruptcy No. 86–02473–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Dec. 29, 1986.

Michael W. Ullman, North Miami Beach, Fla., for Capital Bank.

Max Hagen, North Miami Beach, for debtor.

James B. McCracken, trustee.

Arthur Neiwirth, Fort Lauderdale, Fla., for trustee.

ORDER ON CAPITAL BANK'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPT PROPERTY

SIDNEY M. WEAVER, Bankruptcy Judge.

The above matter was scheduled before this Court for November 5, 1986 at 9:30 A.M. in this Court's Ft. Lauderdale Division. Counsels for the respective parties stipulated that the Debtor, OSCAR GILMAN, holds a B–1 Visa but does not possess a permanent Visa, or what might ordi-

narily be referred to as a "Green Card", accordingly the Court finds:

A. That the Debtor, OSCAR GILMAN, filed bankruptcy, seeking Chapter 7 relief, on August 14, 1986.

B. On August 14, 1986, and throughout this case, the Debtor possesses a B–1, but, however, does not hold a permanent Visa. The Court further finds that a B–1 Visa does not constitute a permanent Visa and while said Visa permits the operation of a business enterprise does not authorize permanent residency.

Based upon the above stated court findings, it is hereby

ORDERED:

1. That the Debtor, OSCAR GILMAN, is required to hold a permanent Visa before he may legally intend to permanently reside within the United States and/or the State of Florida.

2. The Debtor failed to hold a permanent Visa, at the time this case was filed and, accordingly, could not possess, legally, the requisite intent to remain permanently for the purpose of exemption status.

3. As recited by the Fifth Circuit Court of Appeal, in the matter of *Cooke v. Uransky,* 683 F.2d 130 (5th Cir.1982), the Court stated:

> Appellant, Cooke, filed a Voluntary Petition in Bankruptcy in the United States District Court for the Middle District of Florida. In his Petition, he claimed a residence he owned in Ft. Myers Beach, Florida, as homestead property exempted from the claims of creditors by Article X, Section 4, of the Florida Constitution. When Cooke filed the Petition, he was a foreign citizen lawfully in the United States as a tourist.
>
> Appellee, Uransky, as Trustee in bankruptcy, disallowed the exemption claimed by Cooke. The District Court upheld this disallowance on the ground that Florida law precluded Cooke from invoking the homestead exemption. The court ruled that the Florida Constitution requires that a claimant possess the intention of residing in a Florida residence in order

for the residence to fall within the homestead exemption provisions. The court concluded that a claimant's status as a tourist in this country precludes the legal ability under Florida law to form the requisite intent to reside *permanently* in a Florida residence.

After hearing argument, we determine that the issue of Florida law raised by *Cooke* was appropriate for certification to the highest court of Florida. We therefore certify the following question: Does Florida allow foreigners visiting the United States as tourists to place a residence owned in the state beyond the reach of creditors under the Florida Homestead Exemption?

The Supreme Court of Florida has now answered that question in the negative. *Cooke v. Uransky,* 412 So.2d 340 (Fla. 1982). In answering the question, that court stated:

> Cooke argues that this constitutional provision relating to homestead exemption contains no prerequisite that there be an intent to make the property in question his or his family's place of residence. He maintains that the 1968 Amendment to the Homestead Provision, eliminating the requirement that the head of the family reside in this State, also abrogated any requisite that there be an intention to make the property his or his family's permanent residence.
>
> We reject this contention, and we hold that although it is not necessary that the head of the family reside in the State or intend to make the property in question his permanent residence, *he must establish that he intended to make this property his family's permanent residence.*

Based upon the facts of this case, in response to the certified question, we state that Cooke may not place the residence owned by him in this State beyond the reach of creditors under the Florida Homestead Exemption, because, *at the time he petitioned for bankruptcy,* he could not legally formulate the requisite

intent to make that residence his family's permanent place of residence.

Based upon the above stated decision, and the findings of fact as determined by this Court, it is clear that the Debtor, OSCAR GILMAN, is not legally entitled to formulate the requisite intent to remain permanently within the State of Florida and declare the residence that he owns the permanent residence of his family. The Debtor's claim of exemptions in his B–4 Schedules is denied, and CAPITAL BANK'S objection to said exemption is granted.