In re Dennis Wayne SCHULZ, Debtor.

Bankruptcy No. 88–04770.

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

April 25, 1989.

Harold F. Peek, Jr., Valparaiso, Fla., for debtor.

No appearance for plaintiff.

M. Alan Rhodey, Ft. Walton Beach, Fla., for trustee.

## ORDER ON OBJECTION TO EXEMPTIONS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the Court on the objection by the trustee in this Chapter 7 case to the claim of exempt property made by the debtor herein. The essence of the objection is that the property claimed as exempt lies outside the State of Florida and accordingly cannot be claimed as exempt under the Florida Constitution or statutes.

In this case, the debtor resided in the Northern District of Florida until approximately one month prior to the filing of this petition for relief under Chapter 7 at which time he moved his residence to Wisconsin. Since he had not resided in Wisconsin for either 180 days prior to the time he filed his petition or for the greater part of 180 days prior, he was required to file the case in the Northern District of Florida. 28 U.S.C.S. § 1408(1). In his schedules, the debtor claimed the exemptions provided for under Article 10, § 4 of the Constitution of the State of Florida, and Chapter 222, Florida Statutes. The trustee objected to the exemptions on the basis that under the Florida Constitution and Chapter 222, the exemptions provided for thereunder are available only to residents of the State of Florida. The trustee is correct in this assertion. *In re Gilman*, 68 B.R. 374 (Bankr.S.D.Fla.1986); *Cooke v. Uransky*, 412 So.2d 340 (Fla.1982). Section 522(b)(2)(A) provides that the applicable exemption law is the "state or local law that is applicable on the date of the filing of the petition at place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180 days than in any other place;". This provision appears to place the debtor in a "catch 22" since the Florida exemptions are not available to a non-resident and it appears that he can only claim the Florida exemptions. Thus, as the trustee argues, this debtor is not entitled to any exemptions whatsoever.

We do not agree that the debtor in this situation is precluded from availing himself of any exemptions. Section 522(b)(1) allows the debtor to claim the federal exemptions of § 522(d), "unless the state law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize;". Florida has chosen to "opt out" of the federal exemptions pursuant to § 222.20 (Fla. Stats.) which provides:

In accordance with the provision of § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), *residents of this state* shall not be entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)). Nothing herein shall affect the exemptions given to residents of this state by the state constitution and the Florida Statutes. (emphasis supplied.)

Since this statute applies only to residents of the State of Florida, we find that it does not apply to prevent non-residents of this state who because of the venue provisions of 28 U.S.C. § 1408 are required to file in Florida from claiming the exemptions provided for under § 522(d) of the Bankruptcy Code. To find that this debtor is not entitled to claim any exemptions would be contrary to the "fresh start" policy of the Bankruptcy Code. Therefore, this debtor is entitled to claim the federal exemptions. However, he is not entitled to claim the Florida exemptions. Accordingly, it is hereby

ORDERED AND ADJUDGED that the trustee's objection to the claim of exemptions be and same is hereby sustained and the exemptions claimed by this debtor are hereby disallowed.