# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 21, 2011

No. 09-50852

Lyle W. Cayce
Clerk

In the Matter of: MELVIN JOSEPH CAMP, JR.,

Debtor

--------------------------------

MELVIN JOSEPH CAMP, JR.,

Appellee

v.

RONALD E. INGALLS, Trustee,

Appellant

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, PRADO, and ELROD, Circuit Judges.

EDWARD C. PRADO:

The Chapter 7 Trustee, Ronald E. Ingalls ("the Trustee"), appeals the district court's reversal of the bankruptcy court's order sustaining his objection to the federal exemptions claimed by Chapter 7 debtor Melvin Joseph Camp Jr. Because Florida's opt-out statute applies only to Florida residents, and Camp was not a Florida resident when he filed for bankruptcy, we affirm the district court's decision that Camp may use the federal exemptions.

No. 09-50852

## I. BACKGROUND

The facts are not in dispute. Camp lived in Florida from January 17, 2004, to April 30, 2007. He then moved to Texas, where he filed a voluntary petition for Chapter 7 bankruptcy on June 10, 2008. In his bankruptcy petition, Camp elected to claim the federal exemptions set forth in § 522(d) of the Bankruptcy Code. *See* 11 U.S.C. § 522(d). The Trustee objected to this exemption claim. The Trustee argued that because Camp had not lived in Texas for the entire 730-day period preceding the bankruptcy filing, the law that applies to Camp under the choice-of-law provision in § 522(b)(3)(A) is not the law of the state of filing—i.e., Texas—but the law of the state in which Camp lived for a majority of the 180-day period prior to the 730-day period—i.e., Florida. The Trustee further argued that Florida law does not permit Camp to claim the federal exemptions.

The bankruptcy court agreed and sustained the objection, ruling that Camp may use only the exemptions granted by Florida law. Camp appealed to the district court, which reversed the bankruptcy court and held that Camp may use the federal exemptions. The Trustee appeals.

## II. STANDARD OF REVIEW

"When a court of appeals reviews the decision of a district court, sitting as an appellate court, it applies the same standards of review to the bankruptcy court's finding of fact and conclusions of law as applied by the district court." *Jacobsen v. Moser* (*In re Jacobsen*), 609 F.3d 647, 652 (5th Cir. 2010) (citation and internal quotation marks omitted).

"Issues of statutory interpretation are reviewed de novo." *Id.* (alteration and citation omitted). In interpreting a statute, we "always turn first to one,

No. 09-50852

cardinal canon before all others": "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) (citations omitted). "'[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Germain*, 503 U.S. at 254 (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)) (citations omitted).

## III.  ANALYSIS

Section 522(b) of the Bankruptcy Code permits individual debtors to exempt certain property from the bankruptcy estate.  *See* 11 U.S.C. § 522(b).[1]

---

[1] Section 522(b) states, in pertinent part:

> **(b)(1)** . . . [A]n individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. . . .
>
> **(2)** Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.
>
> **(3)** Property listed in this paragraph is—
>
> **(A)** . . . any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period in any other place . . . .
>
> . . . .

3

No. 09-50852

Generally, a debtor has the option to elect either federal or state exemptions. *See id.* § 522(b)(1) ("[A]n individual debtor may exempt from property of the estate the property listed in paragraph (2) [the federal exemptions specified in § 522(d)] or, in the alternative, paragraph (3) [the exemptions granted by the state law that is applicable on the date of the filing of the bankruptcy petition under § 522(b)(3)(A)] . . . ."). Each state, however, has the right to opt out of the federal exemption scheme. *See id.* § 522(b)(2) (allowing a debtor to claim the federal exemptions "unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize"). In states that have opted out, debtors are limited to the state exemptions.

According to the plain language of § 522(b)(2), then, Congress has allowed each state to make its own decision about whether the federal exemptions will be available to debtors. As the district court correctly decided, because Camp had not lived in Texas for the entire 730-day period preceding his bankruptcy filing, the "State law that is applicable" to him under § 522(b)(3)(A) is Florida law. Thus, § 522(b)(2) requires us to look to Florida law to determine if Camp is "specifically" disallowed from using the federal exemptions.

Florida has opted out of the federal exemption scheme only with respect to Florida residents. Specifically, Florida's opt-out statute states:

> In accordance with the provisions of [11 U.S.C. § 522(b)], *residents of this state* shall not be entitled to the federal exemptions provided in [11 U.S.C. § 522(d)]. Nothing herein shall affect the exemptions

---

If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

11 U.S.C. § 522(b).

4

No. 09-50852

> given to residents of this state by the State Constitution and the Florida Statutes.

FLA. STAT. ANN. § 222.20 (emphasis added).[2]  No other provision in Florida law addresses the right to opt out under § 522(b)(2).

Therefore, Florida's opt-out statute, by its own express terms, does not apply to nonresident debtors, who remain eligible to use the federal exemptions because nothing in Florida law specifically disallows them from doing so. *See In re Battle*, 366 B.R. 635, 636 (Bankr. W.D. Tex. 2006) (holding that Florida's opt-out statute does not bar nonresident debtors from claiming the federal exemptions); *In re Schultz*, 101 B.R. 301, 302 (Bankr. N.D. Fla. 1989) (same); *see also In re Chandler*, 362 B.R. 723, 726–27 (Bankr. N.D. W. Va. 2007) (same, for Georgia's opt-out statute); *In re Underwood*, 342 B.R. 358, 361–62 (Bankr. N.D. Fla. 2006) (same, for Colorado's opt-out statute); *In re Volk*, 26 B.R. 457, 460–61 (Bankr. D.S.D. 1983) (same, for South Dakota's opt-out statute); *In re Walley*, 9 B.R. 55, 57–58 (Bankr. S.D. Ala. 1981) (same, for Alabama's opt-out statute).  Here, because Camp was not a Florida resident at the time he filed his bankruptcy petition, Florida law does not restrict his access to the federal exemptions.[3]

---

[2] Florida also restricts the extraterritorial application of its own state-law exemption scheme. *See, e.g.*, *In re Adams*, 375 B.R. 532, 534–35 (Bankr. W.D. Mo. 2007) (citing cases that stand for the proposition that "Florida exemption law is that its exemptions not be given extraterritorial effect").

[3] We do not reach the corollary questions of (1) whether the choice-of-law provision in § 522(b)(3)(A) preempts state-law restrictions on the extraterritorial application of state-law exemption schemes, and (2) whether the "savings clause" in the hanging paragraph at the end of § 522(b) permits debtors to claim the federal exemptions when the applicable state law opts out of the federal exemption scheme and, at the same time, restricts the extraterritorial application of the state-law exemption scheme, thereby rendering both exemption schemes unavailable to the debtor through the normal operation of the Bankruptcy Code.  *Compare*

No. 09-50852

The Trustee's counterarguments are unpersuasive. He argues that the term "resident" should be read broadly to include any person who is subject to Florida's jurisdiction, such as a debtor who is subject to Florida's state-law exemption scheme under § 522(b)(3)(A). This argument is incompatible with the plain language of § 522(b)(2), which clearly evidences Congress's intent to defer to each state's own legislative decision regarding the availability of the federal exemptions. Accordingly, the Bankruptcy Code does not re-define the unambiguous terms of a state's own opt-out statute.

The Trustee has not cited to any Florida case to support his contention that the term "resident" should be read more broadly than its plain meaning. Moreover, it is not illogical, as the Trustee argues, for a state to treat its own residents differently from other persons who have less of a connection to the state, especially because resident debtors are more likely to claim exemptions for assets that are located in the state. In addition, Florida's opt-out statute has contained a residency requirement ever since it was enacted in 1979, even though § 522(b), since 1978, has forced some debtors to apply the opt-out law of the state of their former domicile. In other words, despite being on notice that nonresident debtors might be required to apply Florida's opt-out statute, the Florida legislature has not deleted the residency requirement. Therefore, we too will refrain from rewriting the statute.

Lastly, it is not true, as the Trustee contends, that our decision today will lead to impermissible forum shopping. Congress has approved the federal exemptions for use in every state, and it has delegated to the states the power

---

*In re Stephens*, 402 B.R. 1, 5 (B.A.P. 10th Cir. 2009) (finding no preemption, but relying on the savings clause), *with In re Garrett*, 429 B.R. 220, 237 (Bankr. S.D. Tex. 2010) (finding preemption).

6

No. 09-50852

to decide whether those exemptions are available to a particular debtor.  Thus, to the extent there is any forum shopping that arises from our decision, it is caused by Congress's decision to defer to state decision making, and it results in the election of an exemption scheme that has Congress's explicit approval.  As a result, we cannot say that our straightforward interpretation of the plain language of § 522(b)(2) and Florida's opt-out statute is absurd merely because it might increase the potential for limited forum shopping.

## IV.  CONCLUSION

Camp may elect to claim the federal exemptions.  We affirm the decision of the district court.

AFFIRMED.