**AMY FOWLER, v. CHARLES B. FOWLER**

22 So. (2nd) 817                                    June Term, 1945
July 13, 1945                                              En Banc

*Edgar G. Thompson, W. J. Lake* and *Edwin T. Osteen,* for appellant.

No appearance for appellee.

*Manley P. Caldwell* and *Henry E. Howell, Jr.,* as amicus curiae.

CHAPMAN, C. J.:

The record in this case discloses that the parties hereto were married in the State of New York on February 28, 1932, and a son now about 11 years of age is an issue of the marriage. The parties cohabited as husband and wife in Long Island, New York, until March 2, 1936, when the husband left his wife and son and has never returned to his family nor contributed to their support or maintenance. The husband deserted the wife without a lawful reason or excuse and the care, custody and control of their son and costs of support and maintenance since the desertion largely has rested on the wife.

Amy Fowler, the deserted spouse, with her son, Charles B. Fowler, Jr., on December 28, 1944, came to the State of Florida and took up a residence at 253 Oleander Avenue, West Palm Beach, Florida, and the son became a student in one of the Palm Beach County schools. Some 100 days thereafter on to-wit, April 6, 1945, she filed in the Circuit Court of Palm Beach County, Florida, a suit for divorce in approved form against her husband, praying for a divorce on the statutory ground of wilful, absolute and continuous desertion for a period of more than one year and that she be awarded the custody of their infant son.

Constructive service was had on the defendant, Charles B. Fowler. In the affidavit for constructive service Fowler appeared to reside at 3310-A Market Street, San Francisco; that he was over 21 years of age; that there was no person in Florida the service of a subpoena in chancery upon whom would bind the defendant, Charles B. Fowler.

An order to appear directed to Charles B. Fowler was entered and published in the Palm Beach Times for the issues

of April 7th, 14th, 21st, 28th, 1945, and a decree pro ·confesso was entered by the Honorable Jos. S. White, Circuit Judge, against the defendant Fowler on May 11, 1945. On May 7, 1945, an affidavit was filed in the cause which established the fact that Charles B. Fowler at the time was employed by the Matson Steamship Company of San Francisco, California, and he was not serving in or connected with the Army, Navy, Marine Corps or any of the military or armed forces of the United States.

The cause was by an appropriate order referred to the Honorable R. C. Prescott, with directions to hear all the evidence, rule upon the admissibility thereof, determine all questions of procedure, and make a report to the Court with findings of fact, conclusions of law and recommendations. Pursuant to directions, a hearing was had and all the testimony reduced to writing and reported to the Chancellor. The Special Master held (1) that the court had jurisdiction of the parties and the subject matter of the suit; (2) that the allegations of the bill of complaint as to desertion was sufficient; (3) that the evidence established desertion of the plaintiff below; (4) that the plaintiff was a fit and proper person to have the custody of the minor child of the parties; (5) residence in Florida by Amy Fowler for more than 90 days prior to filing suit as prescribed by statute was established by the testimony of Anna Weber, Mrs. Frances Cushman, Harry Halpern and Amy Fowler. It was the view of the Special Master that the plaintiff had complied with all the statutory requirements and as a matter of law entitled to a decree of divorce.

The chancellor below declined or refused to enter a divorce decree on the recommendations of the special master but dismissed the bill of complaint and in the order of dismissal in part said:

"Thus, it is the conclusion of the court that in a case such as this, where the marital domicile is elsewhere and the defendant has not been served with process within the State of Florida, nor appeared to defend the action, and where the acts forming the basis of the complaint have occurred in other states, something more should be required to the exercise of

jurisdiction than the mere perfunctory proof of residence within the State of Florida for the statutory period. In such a case, and for reasons previously suggested, the court should decline to enter a decree of divorce which, on account of falling short of the protection of the Full Faith and Credit Clause of the Federal Constitution, would leave the status of the parties in uncertainty and doubt."

Divorce proceedings in Florida are regulated by statute. A bill of complaint seeking a divorce decree must allege every fact clearly, accurately and definitely so as to contain or charge the essential elements of any of the nine statutory grounds for divorce. If essential facts are omitted or if from the facts stated, it appears that the plaintiff is not entitled to the relief sought, then there is no standing in court. See Moseley v. Taylor, 68 Fla. 294, 67 So. 95; Kellogg v. Kellogg, 93 Fla. 261, 111 So. 637; Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694.

Personal or constructive service on a defendant in a divorce suit must be had and obtained in the manner and form as prescribed by law. Section 65.02, Fla. Stats. 1941 (FSA) required that in order to obtain a divorce (in the courts of Florida) the complainant must have resided ninety days in the State of Florida before filing of the bill of complaint. This section contemplates the establishment of a residence in the State of Florida as differentiated from a visit or temporary residence for a period of 90 days. Taylor v. Taylor, 132 Fla. 690, 182 So. 238. An abode indicates a living place impermanent in character, whereas domicile denotes fixed abode. Evans v. Evans, 141 Fla. 860, 194 So. 215.

The residence of a party consists of facts and intentions. Warren v. Warren, 73 Fla. 764, 75 So. 35. Residence indicated place of abode, whether permanent or temporary. A resident is one who lives at a place with no present intention of removing therefrom. Whether or not a party is a resident (of the State of Florida within the meaning of Section 65.02, *supra*) is both a question of law and fact to be settled or determined from the facts of each particular case. Kiplinger v. Kiplinger, 147 Fla. 243, 2 So. (2nd) 870.

Our study of the record, coupled with an analysis of the reasons assigned by the Chancellor below for the order challenged on this appeal; suggests the inference that doubt and uncertainty, or possibly speculation, were by him entertained as to the law applicable to this controversy—i.e. our Florida Statutes and decisions, or the case of Williams v. North Carolina, 65 S. Ct. 1092, 89 L. Ed. Advance Opinions 1123, 324 U. S. [No. 2]i, decided May 21, 1945. Section 65.06, Fla. Stats. 1941, provides that bill for divorce may be brought against defendants residing out of the State and service may be effected upon them as in other cases in Chancery. This statute has been approved and sustained by an unbroken line of decisions.

Section 48.01, Fla. Stats. 1941, authorizes service of process by publication in the several courts of Florida and upon the interested parties. Sub-section 4 of Section 48.01, *supra,* provides for service of process by publication upon parties "for divorce or annulment of marriage." See Section 48.02, Fla. Stats. 1941. For a history of constructive service of process, see Vol. 2 F.S.A. pp. 147 to 166. The question of the weight or credit that may be given a divorce decree as entered by the courts of Florida based on service of process by publication on the part of sister states under the Full Faith and Credit Clause of the Federal Constitution (see Section 1 of Article IV) is, as we find from a study and analysis of this record and accompanying briefs, not sustained by the record or by such an inference drawn therefrom as would justify this Court in passing upon it. Neither is the holding in Williams v. North Carolina, *supra,* pertinent to the disposition of this controversy.

Section 65.14, Fla. 1941, grants to the courts power to make all necessary orders affecting the care, custody and maintenance of children of a marriage involved in any divorce proceeding. The child in the case at bar is shown to be a student of one of the schools of Palm Beach and within the jurisdiction of the court. This child is a ward of the court and such orders as affect its custody and welfare should be made and entered upon proper application.

The order dismissing the bill of complaint seeking a

divorce is reversed with directions to enter a divorce for the plaintiff below and to enter such orders or decrees affecting the welfare of the minor, Charles B. Fowler, as may be necessary.

It is so ordered.

TERRELL, BROWN, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.