**In the Matter of John L. COOKE dba J. L. Cooke Realty, Debtor.**

**Bankruptcy No. 79–768–T.**

United States Bankruptcy Court,
N. D. Florida,
Tampa Division.

Oct. 16, 1979.

538

Philip L. Burnett, Fort Myers, Fla., for Bankrupt.

### ORDER ON OBJECTION TO REPORT OF EXEMPT PROPERTY

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration is the right of John L. Cooke, the above-named bankrupt to avail himself of the homestead benefits granted by Article X, Sec. 4 of the Constitution of Florida. The facts relevant and controlling in this controversy are without dispute and can be briefly summarized as follows:

On June 19, 1979, the bankrupt filed his voluntary petition and on Schedule B–4 claimed a residence located at 126 Coronet Drive, Ft. Myers Beach, Florida as his homestead and such is exempt from the claims of his creditors by virtue of Article X, Sec. 4 of the Constitution of Florida. In due course, the trustee filed her Report of Exempt Property and disallowed the exemption claim of the bankrupt stating that the bankrupt was not entitled to invoke the homestead exemption under Article X, Sec. 4 of the Constitution of Florida. The bankrupt subsequently filed an objection to the trustee's report of exempt property, the objection which is presently under consideration.

It is without dispute that on the date the petition was filed, the bankrupt was a citizen of Canada; he was not registered as a resident alien pursuant to the applicable provisions of the U.S. Code governing the status of aliens and he did not have a permanent visa but was in the United States as a tourist.

Article X, Sec. 4 of the Constitution of Florida, as amended (1968) provides in pertinent part as follows:

"(a) There shall be exempt from forced sale under process of any court . . . (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon . . . or if located within a municipality to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family . . ."

The bankrupt relies heavily upon the fact that citizenship is not a prerequisite to claiming a homestead exemption in the State of Florida. While this is true and while it is also true that it is no longer necessary that the head of the family reside in the state, it still must be established that the bankrupt intended to make the property in question his or his family's permanent place of residence in order for the property to be characterized as "homestead" within the meaning attributed to this word of art by caselaw. As stated by the Supreme Court of Florida in *Hillsborough Inv. Co. v. Wilcox*, 152 Fla. 889, 13 So.2d 448 (Fla. 1943):

"The character of property as homestead depends upon an actual intention to reside thereon as a permanent place of residence . . . ."

While the case of *Juarrero v. McNayr*, 157 So.2d 79 (1963) concerned the Article VII, Sec. 6 homestead tax exemption rather than Article X, Sec. 4 homestead exemption from forced sale, its rationale as to the capability of a non-resident alien to make a residence purchased in Florida his perma-

nent home is equally applicable to the instant case. As stated in *Juarrero, supra,* aliens who are in this country with a *permanent* visa:

"have the freedom and right with certainty to make and declare a bona fide intention of permanent residence in the home owned and located in this state. This is not so, however, in the case of a citizen and former resident of a foreign country who is here under the authority of nothing more than a *temporary* visa, because such person has no assurance that he can continue to reside in good faith for any fixed period of time in this country. Consequently, we hold he cannot 'legally' 'rightfully' or in 'good faith' make or declare an intention which he has no assurance he can fulfill or carry out because of the temporary nature of the visa. In other words, he does not have the legal ability to determine for himself his future status and does not have the ability legally to convert a temporary residence into a permanent home."

Canadian citizens are not required to obtain a visa in order to enter the United States as visitors, but they must have a permanent visa if they intend to reside in this country indefinitely and must register just like other aliens as a resident alien and be in possession of an alien registration receipt card at all times. Title 8 U.S.C. Sec. 1304; 8 C.F.R. Secs. 211.1, 212.1 and 245 (1979).

From all this it follows that a tourist who does not hold a permanent visa cannot be a permanent resident of this state and regardless of what his intent is to do in the future, he is incapable of declaring a home in this state as his permanent residence unless his legal status is changed. As the bankrupt is not registered as a resident alien, does not have a permanent visa, but is in this country merely as a tourist, he does not have the ability to declare the property in question as his permanent residence and therefore cannot avail himself of the homestead benefits under Article X, Sec. 4 of the Constitution of Florida.

Although it was not argued by the bankrupt that the denial of homestead exemption is a denial of equal protection under the 14th Amendment to the Constitution of the United States, this identical contention was raised in *Juarrero, supra* and rejected by the Court by stating that:

"One cannot complain that he has been denied . . . equal protection of every other person within a reasonable classification to which he belongs is treated in the same manner. . . ."

In accordance with the foregoing, it is the considered opinion of this Court that the bankrupt is not entitled to the homestead exemption granted by Article X, Sec. 4 of the Constitution of Florida and, therefore, the trustee's disallowance of the exemption claimed by the bankrupt as to the property in question was proper.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the bankrupt's objection to the trustee's Report of Exempt Property, be and the same, is hereby overruled.