444 So.2d 1118 (1984)
Celisseule NICOLAS, Appellant,
v.
Robert NICOLAS, Appellee.
No. 82-1859.
District Court of Appeal of Florida, Third District.
February 7, 1984.
*1119 George T. Ramani and Michael A. Vandetty, Miami, for appellant.
No appearance for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
HUBBART, Judge.
The central question presented for review is whether an alien who (1) has resided in Florida for over six months prior to filing a petition for marriage dissolution, and (2) intends to remain indefinitely in Florida but has not been granted a permanent residency status by the United States Immigration and Naturalization Service, satisfies the six-month residency requirement established by Section 61.021, Florida Statutes (1981), for bringing a marriage dissolution action in the Florida courts. We hold that such an alien satisfies the above statutory residency requirement for bringing a marriage dissolution action in Florida and reverse the order under review.
The facts of this case are as follows. On February 3, 1982, the petitioner/wife Celisseule Nicolas filed a sworn petition for marriage dissolution against the respondent/husband Robert Nicolas in the Circuit Court for the Eleventh Judicial Circuit of Florida. The petition alleged that the wife was a resident of the state of Florida for more than six months prior to the filing of this petition, that the parties had been married to each other on July 10, 1971, at Port Au Prince, Haiti, that two minor children had been born of the marriage, and that the parties' marriage was irretrievably broken. The petition prayed only that the court dissolve the marriage between the parties. The husband was properly served by publication at his last known address: Rue St. Lot No. 22, Port Au Prince, Haiti. He filed no answer and has made no appearance in the case.
On August 16, 1982, the cause came on for a final hearing before the trial court, at which time the court received evidence. On August 23, 1982, the trial court entered an order denying the petition for marriage dissolution. The order reads:
"THIS CAUSE came before me upon the Petition of CELISSEULE NICOLAS for Dissolution of Marriage and the Court, at a hearing on August 16, 1982 made the following findings:
1. That present were the Petitioner, petitioner's counsel and the residency witness and an interpreter.
2. That Petitioner was not at the present time accorded permanent resident status by the United States Immigration and Naturalization Service.
3. That Petitioner has resided in the State of Florida over six months prior to the filing of the Petition and intends to remain in the State of Florida.
4. That based upon the fact that Petitioner was not at this time a permanent resident of the United States, her Petition for Dissolution of Marriage is hereby Denied."
The wife has filed a timely appeal from this final order.
Implicit in the order denying the wife's petition for marriage dissolution is the trial court's ruling that the wife failed to satisfy the six-month residency requirement established by Section 61.021, Florida Statutes (1981), for filing a marriage dissolution action in the Florida courts. This statute provides:
"To obtain a dissolution of marriage the party filing the proceeding must reside six months in the state before filing the petition, but this does not affect any suit filed before October 1, 1957." § 61.021, Fla. Stat. (1981).
The law is well-settled that the term "reside" as used in this statute and its predecessors refers to "legal residence" which "is synonymous with `domicile'... ." Wade v. Wade, 93 Fla. 1004, 1007, 113 So. 374, 375 (1927); accord Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694 (1929). "Domicile" has long been defined in this *1120 state to mean "`a residence at a particular place, accompanied with positive or presumptive proof of an intention to remain there for an unlimited period of time.'" Smith v. Croom, 7 Fla. 81, 151, reh. denied, 7 Fla. 180 (1857), quoting J. Phillimore, Law of Domicil 18 (1847). A legal resident or domiciliary, then, for purposes of bringing a marriage dissolution action in Florida under the above statute, is "one who lives at a place (in Florida) with no present intention of removing therefrom." Fowler v. Fowler, 156 Fla. 316, 319, 22 So.2d 817, 818 (1945); see also Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870 (1941); accord Gillman v. Gillman, 413 So.2d 412, 413 (Fla. 4th DCA 1982); Curran v. Curran, 362 So.2d 1042, 1043 (Fla. 4th DCA 1978); Bowers v. Bowers, 287 So.2d 722, 724 (Fla. 1st DCA 1974), cert. discharged, 326 So.2d 172 (Fla. 1976).
A person may, however, be a legal resident of Florida within the meaning of the above statute without being an American citizen, as it is legal residence, not citizenship, which is made a statutory prerequisite for bringing a marriage dissolution action in this state. The Florida Supreme Court has so held in Pawley v. Pawley, 46 So.2d 464, 470-71 (Fla.), cert. denied, 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950), wherein certain contrary pronouncements in Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870 (1948), were disapproved. The Court in Pawley stated:
"It is obvious that the word resided could not properly be construed to encompass citizenship in a legal sense because one may come to this State, establish a bona fide residence of ninety days, thereafter institute a divorce action and have it heard and conclusively adjudicated on its merits before he could under the law become a citizen and enjoy all the privileges of citizenship. On the other hand, a person might reside in Florida many years and never become a citizen of this State or renounce his citizenship in a foreign jurisdiction. Indeed, failure to renounce pre-existing citizenship is nothing more than a circumstance to be considered in connection with the question of the bona fides of the plaintiff's residence which is the real test under our statutory law... . Citizenship is not a statutory jurisdictional prerequisite for divorce and neither of the words `citizen' or `citizenship' can be read into our statute." Pawley v. Pawley, supra, at 471
In accord with this established law, we have held that an alien, a Cuban political refugee who had been granted temporary residence status under our immigration laws, could bring a marriage dissolution action in the Florida courts, as he had lived in Florida for six months and otherwise intended to remain here on an indefinite basis. Perez v. Perez, 164 So.2d 561 (Fla. 3d DCA 1964). Also a Canadian citizen, who otherwise satisfied our statutory residency requirements, was permitted by this court to maintain a marriage dissolution action in the Florida courts. Markofsky v. Markofsky, 384 So.2d 38 (Fla. 3d DCA 1980). Plainly, then, an alien's foreign citizenship or non-permanent immigration status in this country does not constitute in itself an absolute residency bar to the maintenance of a marriage dissolution action by the alien in the Florida courts, although these factors are certainly evidentiary on the issue of domiciliary intent under Section 61.021, Florida Statutes (1981). This conclusion is in accord with the overwhelming weight of authority on this subject throughout the country. Williams v. Williams, 328 F. Supp. 1380 (D.V.I. 1971); Torlonia v. Torlonia, 108 Conn. 292, 142 A. 843 (1928); Rzeszotarski v. Rzeszotarski, 296 A.2d 431 (D.C. 1972); Abou-Issa v. Abou-Issa, 229 Ga. 77, 189 S.E.2d 443 (1972); Gosschalk v. Gosschalk, 48 N.J. Super. 566, 138 A.2d 774 (Super.Ct.App.Div.), aff'd, 28 N.J. 73, 145 A.2d 327 (1958); Jacoubovitch v. Jacoubovitch, 279 A.D. 1027, 112 N.Y.S.2d 1 (App.Div.), appeal denied, 279 A.D. 1078, 113 N.Y.S.2d 446 (N.Y. 1952); Cocron v. Cocron, 84 Misc.2d 335, 375 N.Y.S.2d 797 (Sup.Ct. 1975); Marriage of Pirouzkar, 51 Or. App. 519, 626 P.2d 380 (Ct.App. 1981); Bustamante v. Bustamante, 645 P.2d 40 (Utah 1982); E. Scoles and P. Hay, Conflicts of Law § 4.30 (1982).
*1121 In the instant case, the trial court specifically found in the order under review that the wife herein "has resided in the state of Florida over six months prior to the filing of the [p]etition and intends to remain in the state of Florida." Given this finding, it is plain that the wife satisfied the six-month residency requirement under Section 61.021, Florida Statutes (1981), for bringing a marriage dissolution action in Florida. The fact that the wife is also an alien and a foreign national, who has not been accorded a permanent residence status under our immigration laws, cannot change this result. The trial court was therefore in error when it denied the marriage dissolution petition herein for failure to establish the requisite statutory residence requirement.
The order under review is reversed and the cause is remanded to the trial court with directions to reinstate the marriage dissolution petition herein and entertain the cause on its merits.
Reversed and remanded.