THOMPSON, Presiding Judge.
 

 In July 2006, Ricky Russell Marshall (“Marshall”) filed a motion in the Bibb County Probate Court (“the probate court”) seeking to remove an action pending in that court to the Bibb Circuit Court (“the circuit court”). Although the record of the proceedings from the probate court is not before this court, the record on appeal demonstrates that a conservator-ship estate had been created in the probate court for the benefit of Marshall’s son, Justin Marshall (“Justin”), who was a minor child at the time the probate action was initiated. Justin’s mother, Virginia Cook, and her husband, Billy Joe Cook, had been appointed co-conservators of that estate, and a guardian ad litem has been appointed for Justin.
 

 It appears that Marshall sought in the probate court an accounting of funds the Cooks had disbursed from the conservator-ship estate; Marshall alleged that the Cooks had wasted the assets of Justin’s conservatorship estate. Although the record on appeal demonstrates that Marshall was treated as a party before the probate court, the record does not indicate whether Marshall asserted his claims in a representative capacity on behalf of Justin or whether Marshall proceeded in the probate court in his own name. Marshall’s motion to have the probate action removed to the circuit court was made in his own name rather than in any representative capacity, and that motion was granted on August 21, 2006. It appears that Marshall was treated as a party asserting claims in his own name before the circuit court.
 

 On September 17, 2006, Justin’s guardian ad litem moved the circuit court for an order requiring the Cooks to file an accounting for the estate. The circuit court, on September 19, 2006, entered an order granting that motion and ordering the Cooks to file an accounting of the conser-vatorship funds within 30 days. On October 12, 2006, the Cooks filed an accounting in the circuit court; that accounting was not detailed and did not balance, and, therefore, Marshall continued to ask for a more detailed accounting that precisely explained the disbursements from the con-servatorship estate.
 

 On December 6, 2006, the Cooks and Justin filed in the Bibb Juvenile Court (“the juvenile court”) a petition seeking to have Justin declared emancipated. The Cooks filed in the circuit court a motion seeking to stay the action pending in that court until the juvenile court had ruled on the emancipation petition. The circuit court granted the Cooks’ motion for a stay. We note that shortly thereafter United States Fidelity & Guaranty Company (“USF & G”), the issuer of the surety bond for the Cooks in their capacities as conservators, filed a cross-claim against the Cooks in their action in the circuit court.
 

 On April 6, 2007, the juvenile court denied the emancipation petition. Marshall filed a motion in the circuit court asking the circuit court to schedule a hearing; he submitted a copy of the April 6, 2007, juvenile-court order in support of that mo
 
 *879
 
 tion. It does not appear that the circuit court took any action on that motion.
 

 On October 11, 2007, the Cooks and Justin filed a petition in the circuit court indicating that Justin had attained the age of majority on October 3, 2007, and asking for a final consent settlement of the con-servatorship estate pursuant to § 26-5-12, Ala.Code 1975. That section provides:
 

 “A conservator appointed by any court of this state for a minor or incapacitated person may, on the arrival of his ward at full age or on termination of the ward’s incapacity or on removal of his ward’s disabilities of nonage by a court of competent jurisdiction or, if the ward is married and has attained the age of 18 years, or if the ward has died, present a verified petition to the court in which the conservatorship is pending, praying for a final consent settlement by and between him and his ward, or the ward’s personal representative, if the ward has died. If such consent settlement is agreed to by the ward, or the ward’s personal representative, if the ward has died, by a written instrument, signed by him and acknowledged as conveyances of real estate are acknowledged, the court may approve such settlement without notice or publication or posting. The agreement of the ward, or the ward’s personal representative, if the ward has died, may be expressed by joining in the petition with his conservator or by a separate written instrument.
 

 “Any final settlement, so approved by the court shall have the same force and effect as other settlements made in compliance with the requirements of this article.”
 

 The circuit court conducted a hearing at which it heard the arguments of the parties. At that hearing, the guardian ad litem and the attorney for the Cooks represented to the circuit court that Justin wanted to enter into the consent settlement despite the fact that the accounting filed by the Cooks did not adequately explain the disbursements from the conser-vatorship estate. On October 22, 2007, the circuit court entered an order approving the proposed consent settlement and accepting that settlement in the place of an accounting. As part of its October 22, 2007, order, the circuit court also discharged USF
 
 &
 
 G from all further liability on its surety bond. Marshall filed a notice of appeal.
 

 As an initial matter, we note that jurisdictional issues are of such significance that a court may take notice of them
 
 ex mero motu. Waite v. Waite,
 
 959 So.2d 610, 613 n. 2 (AIa.2006);
 
 Ex parte Fort James Operating Co.,
 
 871 So.2d 51, 54 (Ala.2003). The absence of standing amounts to a jurisdictional defect.
 
 Waite v. Waite,
 
 supra. “Standing ... turns on ‘whether the party has been injured in fact and whether the injury is to a legally protected right.’ ”
 
 State v. Property at 2018 Rainbow Drive,
 
 740 So.2d 1025, 1027 (Ala.1999) (quoting
 
 Romer v. Board of County Comm’rs of the County of Pueblo,
 
 956 P.2d 566, 581 (Colo.1998) (Kourlis, J., dissenting)) (emphasis omitted).
 

 In this case, Marshall challenges the order confirming the consent settlement between Justin and the Cooks. Marshall asks this court to remand the case
 
 for
 
 the circuit court to require the Cooks to submit a detailed accounting of the conser-vatorship estate and to hold the Cooks liable to the conservatorship estate for any unauthorized expenditures or misappropriated funds. Marshall has not alleged or demonstrated that he has any interest in
 
 *880
 
 the conservatorship estate; in- other words, he has not demonstrated an injury to any of his legally protected rights.
 
 See State v. Property at 2018 Rainbow Drive,
 
 supra. Further, Marshall does not purport to assert his -arguments, on Justin’s behalf,
 
 [1]
 
 nor could he now that Justin has reached the age of majority.
 

 “ ‘ “[A] litigant may not claim standing to assert the rights of a third party.” ’
 
 Ex parte Izundu,
 
 568 So.2d 771, 772 (Ala.1990) (quoting
 
 Jersey Shore Med. Ctr.-Fitkin Hosp. v. Estate of Baum,
 
 84 N.J. 137, 417 A.2d 1003 (1980)). ‘A party lacks standing to invoke the power of the court in his behalf in the absence of a “concrete stake in the outcome of the court’s decision.” ’ 568 So.2d at 772 (quoting
 
 Brown Mech. Contractors, Inc. v. Centennial Ins. Co.,
 
 431 So.2d 932, 937 (Ala.1983)).”
 

 Lott v. Eastern Shore Christian Ctr.,
 
 908 So.2d 922, 932 (Ala.2005).
 

 Marshall has not alleged or demonstrated that he has any individual interest in the outcome of any accounting of or reimbursement to the conservatorship estate. Accordingly, even assuming, for the sake of argument, that Marshall had standing in the circuit court at some points during this litigation, it is clear that Marshall has no standing to prosecute his appeal in this court. Accordingly, we dismiss the appeal.
 
 See City of Birmingham v. George,
 
 988 So.2d 1031, 1035 (Ala.Civ.App.2007) (“Because we conclude that the City does not have standing to challenge the award of attorney’s fees, we dismiss the appeal as to that issue.”);
 
 D.M. v. Walker County Dep’t of Human Res.,
 
 919 So.2d 1197, 1205-06 (Ala.Civ.App.2005) (dismissing the separate appeals of a child’s aunt and uncle after concluding that, each lacked standing to appeal).
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Justin had a guardian ad litem when he was a minor.