WARNER, J.
The wife appeals the trial court’s order dismissing her petition for dissolution of marriage and petition for injunction for protection against domestic violence. The court determined that it did not have subject matter jurisdiction of the dissolution of marriage petition, because the wife was only a temporary resident of Florida. The court further determined that it did not have personal jurisdiction over the defendant for purposes of the domestic violence injunction, because he had been lured into this country for the sole purpose of service of process. Because we defer to the trial court on its factual findings, we affirm as to the dismissal of the dissolution of marriage petition, but we reverse as to the domestic violence injunction, as the trial court prematurely entered final judgment dismissing it.
The parties and their child are all German citizens, the daughter being born in Germany. Although the parties married in Florida in 2002 while on vacation, they executed a prenuptial agreement under German law and continued to live in Germany. The husband owns an interest in a company in Germany, and all of the parties’ income and property is located in Germany.
In July 2009 the wife and the daughter moved to Boca Raton for the daughter to study here and also to distance themselves from the husband, whom the wife accused of domestic violence. They entered the United States on a non-immigrant tourist visa. To maintain her status in this country, the wife filed required certificates of eligibility with the immigration authorities every several months, including forms filed both before and after she filed the petition for dissolution of marriage. In renewing her tourist visa, she swore on each affidavit that she sought to remain in the United States temporarily and “solely for the purpose of pursuing a full course of study.” To comply with the tourist visa, she would also leave the United States periodically and return to Germany. She returned to Germany in December 2009 and stayed until the end of January 2010.
When asked in her deposition whether she had filed any document with the United States indicating that she intended to stay permanently in this country, she testified that she had not. When asked whether she intended to do so, she answered “Maybe, yes.” She also admitted that she had not notified the German government of her removal from her home district in Germany, something she is required to do under German law when she moves out of a district. She also testified that she had not taken all of her personal effects when she left Germany.
The husband had agreed to allow the child to come to Florida to attend school. He paid the lease on the Florida home rental and supported the wife and his daughter. Originally, he had agreed to the child staying for six months but agreed to support the wife and child in Florida until the end of the school year. He testified that they had return airfare tickets home in the end of the summer in 2010.
He visited them in Florida in October 2009 and March 2010. The couple tried to reconcile but after the husband’s visit in March of 2010, the wife determined that the marriage could not be saved.
After the husband returned to Germany in March 2010, he subsequently texted and *288 emailed the wife from March until August. The wife did not respond to all of his emails, testifying that she was afraid of him because of domestic violence. In July, the husband filed a petition for dissolution of their marriage in Germany. That suit is active, although there is an issue regarding proper service on the wife. Several emails discussed the wife’s financial needs, as well as whether the husband could take the child on vacation. The wife did not respond but did send the husband an email on August 1st apparently acknowledging his vacation request. She wrote in part, “Let me know when you arrive so I can arrange everything.” He then wrote her of his plans to leave Germany on August 10th to pick up the child. A few other emails between them indicated the wife’s desire to settle the dissolution proceeding filed in Germany without litigation.
On August 6, 2010, the wife received an email from the husband that he was flying into Miami International Airport on August 11, 2010, to pick up the child for a vacation to the Bahamas. Again, the wife did not respond until August 10th, telling him that they would meet him at the airport. Despite this, she had no intention of allowing the child to accompany the father on the vacation. On that same day, the wife filed a petition for protection from domestic violence, and the trial court granted an ex parte temporary injunction prohibiting the husband from contact with the wife or child. The next day the wife filed a petition for dissolution of marriage. A private process server served the husband with the domestic violence petition, the temporary injunction, and the petition for dissolution of marriage at the Miami airport on August 11th when the husband arrived. The husband then returned to Germany immediately.
The husband moved to dismiss the petition for dissolution of marriage because of lack of subject matter jurisdiction, as the wife was not a domiciliary of the state, for lack of personal service on him, and for forum non conveniens. He moved to abate the action because of the pendency of his prior filed petition for dissolution of marriage in Germany, which was pending when the wife filed her petition in Florida. The trial court conducted an evidentiary hearing on the issues of subject matter and personal jurisdiction, and, over objection on grounds of lack of notice, on the issue of the domestic violence injunction. The husband did not testify in order to preserve his objection to personal jurisdiction on which the trial court had not ruled. The court heard from experts on German law with respect to the forum non conve-niens claim, as well as the testimony of the wife and her friend as to her intention to stay in this country and her fear of her husband. The court also heard testimony from the child’s psychologist regarding the child’s fear of the husband.
Based upon the facts, the court granted the motion to quash service of process and the motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction over the husband in the dissolution of marriage case. It found that it did not have jurisdiction because the wife had not proved her permanent residence or intention to remain in Florida when the wife filed repeated affidavits to renew her passport which certified that she was in the country temporarily. In addition, the court considered that she failed to notify the German government, as required by law, that she was no longer a resident of Germany. The court determined that it did not have jurisdiction over the husband because service was obtained through the wife’s deceptive conduct in luring the husband to the jurisdiction for the sole purpose of serving him with the petition for dissolution of marriage. It also made findings that the German courts had jurisdic *289 tion over both the marriage, the child, and the property of the parties, and the court declined to exercise jurisdiction under these circumstances.
As to the petition for protection from domestic violence, even though not noticed for hearing, the court dismissed the petition on the merits, concluding that the wife was not credible in her claim that she feared further violence from the husband. The wife testified to an act of physical violence in Germany prior to the wife moving to Florida for the child’s schooling. The wife indicated that she was very fearful of the husband’s return to Florida. The court determined, however, that the wife could not be fearful, because she had no intention of coming to the airport in Miami with the child. The court specifically found the wife’s testimony not to be credible. By a separate order the court dismissed the temporary injunction on the ground that the evidence was insufficient to permit the granting of it pursuant to the statutes. The wife appeals both orders.
We first address the court’s determination that it did not have subject matter jurisdiction, because the wife did not satisfy the residency requirement of section 61.021, Florida Statutes. The court’s determination of its jurisdiction is a question of law which is reviewed de novo. Lande v. Lande, 2 So.3d 878, 380 (Fla. 4th DCA 2008). Where, however, an order on the motion to dismiss is based on a finding of fact, we review the findings based upon a competent, substantial evidence standard. See, e.g., Machtinger v. Inertial Airline Servs., Inc., 937 So.2d 730, 734-35 (Fla. 3d DCA 2006).
Section 61.021 provides that to obtain a divorce one of the parties must reside 6 months in the state before filing a petition for dissolution. “Residence” as used in section 61.021 means “ ‘an actual presence in Florida coupled with an intention at that time to make Florida the residence.’ ” Jenkins v. Jenkins, 556 So.2d 441, 442 (Fla. 4th DCA 1990) (quoting Gillman v. Gillman, 413 So.2d 412, 413 (Fla. 4th DCA 1982)) (emphasis supplied). “Whether or not a party is a resident (of the State of Florida within the meaning of Section [61.021], supra) is both a question of law and fact to be settled or determined from the facts of each particular case.” Fowler v. Fowler, 156 Fla. 316, 22 So.2d 817, 819 (1945) (citing Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870 (1941)).
The wife argues that the court made an implicit finding that she could not have an intention to reside in Florida as a matter of law because of the various immigration forms she signed indicating that she was only in the U.S. on a “temporary” basis. The wife argues that this is contrary to the holding of Weber v. Weber, 929 So.2d 1165 (Fla. 2d DCA 2006). In Weber both the husband and wife were present in the United States on nonimmigrant visas for several years before and after their marriage here. Their child was born here, and the wife was in school. The trial court denied the husband’s motion to dismiss the wife’s petition for dissolution for lack of subject matter jurisdiction on the ground that the wife’s nonimmigrant status prohibited her as a matter of law from claiming domicile in Florida. On petition for writ of prohibition, the court held that the wife’s nonimmigrant status did not, as a matter of law, preclude her from establishing Florida residency pursuant to section 61.021.
Weber looked to Perez v. Perez, 164 So.2d 561 (Fla. 3d DCA 1964), and Nicolas v. Nicolas, 444 So.2d 1118 (Fla. 3d DCA 1984), as authority for its ruling. In Perez, a Cuban exile, who was a political refugee, sought dissolution of marriage, and the trial court dismissed the petition because the exile had not established that he *290 could permanently remain in the United States, thus being incapable as a matter of law from establishing residency. The Third District reversed, concluding that residency and domicile can be established, even though its permanency may be subject to the discretion of the immigration authorities.
In Nicolas, a trial court dismissed the wife’s petition for dissolution for lack of subject matter jurisdiction, because the wife had not been accorded permanent residency status in the United States by the Immigration and Naturalization Service. In line with Perez, the Third District concluded that the lack of permanent residency status did not as a matter of law prevent the petitioner from establishing residency for purposes of state court jurisdiction to dissolve the marriage. The court explained:
[A]n alien’s foreign citizenship or non-permanent immigration status in this country does not constitute in itself an absolute residency bar to the maintenance of a marriage dissolution action by the alien in the Florida courts, although these factors are certainly evidentiary on the issue of domiciliary intent under Section 61.021, Florida Statutes (1981).
444 So.2d at 1120 (emphasis supplied). Both Perez and Nicolas stand for the proposition that a trial court does not lack subject matter jurisdiction as a matter of law based upon the non-permanent status of the petitioning party, but that status may be taken into consideration in the factual determination of domiciliary intent.
We conclude that the trial court in this case did not determine that the wife could not establish residency as a matter of law but determined based upon the facts presented that the wife had not established actual residency with an intent to remain permanently. It emphasized, as powerful evidence of her lack of intent, the affidavits that the wife signed as late as May 2010, in which she swore that she did not intend to remain permanently in the United States. The trial court is not compelled to disregard her sworn statements in determining her intent.
Moreover, there was other evidence at the hearing which would support the trial court’s conclusion. She had never notified the German government that she had moved from her home district, something she knew she was required to do. In her deposition, the wife was equivocal as to her intent to apply for permanent residency status in the United States. At the hearing. as well as in her deposition, she testified that she and her daughter first came to Florida so her daughter could go to school and to put some distance between her and her husband. She did not state that she was intending at the time to move to Florida permanently, and she left personal possessions in Germany. She spent the month of January in Germany. When she returned, the husband came for a visit in March at which time they were still trying to reconcile the marriage. Obviously, if they were attempting reconciliation, that would entail her moving back to Germany, the parties’ home and workplace. Thus, the court could conclude that the wife had not determined to stay in Florida until she filed for dissolution of marriage, and the intent and the act of residency had not concurred for the prescribed period. See Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364, 369 (Fla.1955).
Because the trial court did not rule as a matter of law that the wife’s tourist visa prevented the court from acquiring subject matter jurisdiction but ruled, based upon the facts, that she had not established the intent to remain, we affirm the trial court’s ruling dismissing the dissolution petition for lack of subject matter jurisdiction as it is supported by competent substantial evidence.
*291 The wife argues on appeal that under the UCCJEA the court had jurisdiction over the wife’s petition insofar as she sought child custody and child support. As this involves the issue of subject-matter jurisdiction, it may be raised for the first time on appeal. MCR Funding v. CMG Funding Corp., 771 So.2d 32, 35 (Fla. 4th DCA 2000) (citations omitted). It was not raised in the trial court. However, even if the trial court did have jurisdiction pursuant to section 61.514, Florida Statutes, it is apparent that the court dismissed the action on the grounds that Florida was an inconvenient forum. See § 61.520, Fla. Stat. At the hearing on the husband’s motions, the court heard evidence on the factors in section 61.520(2) that a court should consider in determining whether Florida is an inconvenient forum. Again, in ruling, the court found: “[T]here is no rational basis for this Court to assume jurisdiction over the German court in a case involving German citizens, a minor child who is a German citizen, and all marital real and personal property interests in Germany.” Therefore, we hold that the court did not err in dismissing the petition even as to child custody.
The court could also have jurisdiction over temporary child custody and child support pursuant to the petition for an injunction for the protection against domestic violence. See § 741.30, Fla. Stat. The court recognized that it did have jurisdiction, although the husband disputes whether the petition served upon him properly alleged jurisdiction. A final hearing on the injunction petition was not noticed for hearing, and the court continually reminded the wife’s attorney that with only the issues of jurisdiction noticed, the court did not see the relevance of much of the evidence the wife sought to introduce regarding domestic violence against both her and the child. Because the husband would not testify on the merits of the issue so as to preserve his claim of lack of personal jurisdiction, no evidence contrary to the wife’s testimony was presented, and the wife presented other witnesses to corroborate her fear of the husband. Nevertheless, the court dismissed the petition, finding the wife not credible.
The wife appropriately cites Duncanson v. Service First, Inc., 157 So.2d 696 (Fla. 3d DCA 1963). As the court stated in Duncanson:
We are duty bound not to disturb the findings of fact of a trial judge in a case heard without a jury where such findings are based upon conflicting competent evidenced ] However, where the testimony on the pivotal issues of fact is not contradicted or impeached in any respect, and no conflicting evidence is introduced, these statements of fact can not be wholly disregarded or arbitrarily rejected. Rather, the testimony should be accepted as proof of the issue for which it is tendered, even though given by an interested party, so long as it consists of fact, as distinguished from opinion, and is not essentially illegal, inherently improbable or unreasonable, contrary to natural laws, opposed to common knowledge, or contradictory within itself. [ ]
Id. at 699 (footnotes omitted). Here, the facts of various acts of domestic violence were testified to and not contradicted. Therefore, the wife presented sufficient evidence to require the husband to counter that evidence. The court should not have dismissed the domestic violence injunction based upon the undisputed evidence which established acts of domestic violence and her ensuing fear of the husband. The court’s conclusion that the wife lured the husband to Florida to serve him with papers may be valid, but it still does not defeat the undisputed evidence of acts of domestic violence.
*292 We thus reverse the dismissal of the petition for ' injunction for protection against domestic violence. We remand for a new hearing on the issue, because the husband did not have the opportunity to present evidence on the issue, as his challenge to personal jurisdiction was still outstanding.[1] Should the court determine it has jurisdiction over the husband on the domestic violence petition, it should then hold a final hearing at which both the husband and wife may present evidence.

Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.

CIKLIN and LEVINE, JJ., concur.

. The court granted the husband’s motion to dismiss for lack of personal jurisdiction in the dissolution action based upon the deceptive conduct of the wife in luring the husband to Florida in order to serve him with the complaint. We do not disturb that ruling. However, the wife re-served the petition for the domestic violence injunction in Germany. Although the husband disputes the adequacy of that service, those issues were not addressed by the trial court.